IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JERRY L. PATTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:12-mc-00009 |
| ) | |
| CORRECT CARE SOLUTIONS, et al., ) | Judge Trauger |
| ) | |
| Defendants. ) | |

### ORDER

Plaintiff Jerry L. Patton, a state prisoner presently detained at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee, filed his *pro se* complaint in this court on January 27, 2012 (ECF No. 1), asserting claims under 42 U.S.C. § 1983 based on the conditions of his confinement at the Davidson County Criminal Justice Center. The plaintiff, however, failed either to submit the requisite $350.00 filing fee or an application to proceed *in forma pauperis* (or to proceed without prepaying fees or costs) along with his complaint. The court entered an order on February 6, 2012 directing the Clerk of Court to send the plaintiff a blank application to proceed *in forma pauperis* and a copy of Administrative Order 93. The same order also directed the plaintiff either to submit the $350 filing fee, or to complete the application to proceed *in forma pauperis* in accordance with Administrative Order 93 and 28 U.S.C. § 1915(a)(1) and (2), and to return the properly completed application to the district court within 30 days of entry of that order. The plaintiff was also forewarned that if he did not comply with this order within the time frame specified, the court would dismiss the action for failure to prosecute and for failure to comply with the court's order.

As of March 5, 2012, the plaintiff had submitted a signed and notarized certificate from the authorized custodian of accounts at the institution in which the plaintiff is confined, attesting that "the applicant herein" has $0 in his trust-fund account, and that the average balance for the preceding six months was $4.43. (ECF No. 6, at 1.) Handwritten in the top right corner of the document is the name James Johnson #132955. Also submitted and filed in this case is a trust-fund account statement for James O. Johnson, Jr., account number 00132955. These were enclosed in an envelope whose return address indicates it was sent by "Jerry L. Patton # 132955 A.K.A. James Johnson." (ECF No. 6, at 4.) Confusing as the submissions may be, the

court accepts at this juncture that James Johnson and Jerry L. Patton are the same person based on the prisoner identification number. The fact remains that the plaintiff has not submitted an actual Application to Proceed *in Forma Pauperis*. This failure appears to be the result of oversight or mistake rather than defiance of court order. Accordingly, rather than dismiss the complaint, the court will grant the plaintiff another 30 days within which to submit the application, which he must sign under penalty of perjury.

In short, the plaintiff is hereby **DIRECTED** to submit his completed Application to Proceed *in Forma Pauperis* (or application to proceed without prepaying fees and costs) within **30 days** of the date this order is entered on the docket. If the plaintiff needs the court to send him another blank copy of that form, or needs additional time to complete and return the form, he must submit that request within 30 days of the date this order is entered on the docket. The plaintiff is forewarned that if he does not comply with this order within the time frame specified, the court will be required to assess the fee against him anyway, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), and the action will be dismissed for failure to prosecute and for failure to comply with the Court's order.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge